23-582-cv
*Doe v. Franklin Square Union Free Sch. Dist.*

# In the
# United States Court of Appeals
# for the Second Circuit

————————

August Term 2023
No. 23-582-cv

JANE DOE, ON BEHALF OF HERSELF AND HER MINOR CHILD SARAH DOE,
*Plaintiff-Appellant*,

v.

FRANKLIN SQUARE UNION FREE SCHOOL DISTRICT,
*Defendant-Appellee.*[*]

————————

ARGUED: JANUARY 9, 2024
DECIDED: APRIL 25, 2024

————————

Before: LYNCH, NARDINI, and KAHN, *Circuit Judges*.

————————

Plaintiff-Appellant Jane Doe ("Doe"), on behalf of herself and her minor daughter ("Sarah"), appeals from the judgment of the United States District Court for the Eastern District of New York (Frederic Block, *J.*) dismissing her constitutional and statutory claims against Defendant-Appellee Franklin Square Union Free School District ("School District"). On appeal, Doe argues that the district court erred in concluding that the School District did not violate the Due Process Clause of the Fourteenth Amendment by refusing to grant Sarah an accommodation from a school mask mandate implemented in response to the

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

COVID-19 pandemic. Doe further argues that the district court erred in dismissing her claims under the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act because she failed to exhaust her administrative remedies under the Individuals with Disabilities Education Act ("IDEA"). We conclude that the School District did not violate Doe or Sarah's constitutional rights by denying their request for an accommodation; however, we agree with Doe that she was not required to satisfy the exhaustion requirement of the IDEA and, accordingly, hold that the district court erred in dismissing Doe's ADA and § 504 claims.

We therefore **AFFIRM** in part and **REVERSE** in part the judgment of the district court. We **REMAND** for further proceedings consistent with this opinion.

————————————

SUJATA SIDHU GIBSON, Gibson Law Firm, PLLC, Ithaca, NY, *for Plaintiff-Appellant*.

CHELSEA WEISBORD (Adam I. Kleinberg, *on the brief)*, Sokoloff Stern LLP, Carle Place, NY, *for Defendant-Appellee*.

————————————

MARIA ARAÚJO KAHN, *Circuit Judge*:

During the COVID-19 pandemic, as schools reopened in the fall of 2020, the Commissioner of the New York State Department of Health ("NYSDOH") implemented a regulation requiring preschool through 12th grade school students and staff to wear masks. Plaintiff-Appellant Jane Doe ("Doe") brought this action, on behalf of herself and her minor daughter, Sarah Doe ("Sarah"), against Defendant-Appellee Franklin Square Union Free School District ("School District"), alleging that the School District violated the Due Process Clause of the

Fourteenth Amendment, the Americans with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act ("§ 504") by refusing to grant Sarah an accommodation from the school mask mandate for her asthma. The United States District Court for the Eastern District of New York (Frederic Block, *J.*) dismissed Doe's constitutional claim after concluding that the School District's conduct survived rational basis review, and her federal statutory claims for failure to exhaust administrative remedies under the Individuals with Disabilities Education Act ("IDEA"). As explained below, we conclude that the School District's denial of Sarah's accommodation request did not violate either Doe's or Sarah's constitutional rights, and we therefore affirm the district court's dismissal of Doe's constitutional claim. We disagree, however, with the district court's dismissal of Doe's claims under the ADA and § 504 because we conclude that Doe was not required to exhaust her administrative remedies under the IDEA. Accordingly, we affirm in part and reverse in part the district court's judgment in this case, and we remand the case for further proceedings consistent with this opinion.

**BACKGROUND**

Beginning in the fall of 2020 and continuing throughout the early stages of the COVID-19 pandemic, the NYSDOH issued a series of interim guidance

3

governing in-person instruction at schools. The first interim guidance, which was issued on August 26, 2020, required all "students, faculty, staff, and other individuals" at schools to wear "at least, an acceptable face covering," App'x at 199, and permitted "exemptions of alternatives for those medically unable to wear masks," *id.* at 201. Later in the 2020–21 school year, on April 9, 2021, NYSDOH issued an updated interim guidance to ensure its policies were "align[ed] . . . with the most recent recommendations from the Centers [for] Disease Control and Prevention (CDC)." *Id.* at 203. The updated interim guidance included a mask mandate similar to that in the first interim guidance and permitted exemptions from the school mask mandate for "[s]tudents who are unable to medically tolerate a mask, including students where such mask would impair their physical health or mental health." *Id.* at 206. The School District was permitted to reopen for in-person learning for the 2020–21 school year on the condition that it complied with the mask mandate. Accordingly, it implemented a reopening plan that required all individuals to wear face masks while on school premises.

Sarah, who attends a school in the School District, suffers from asthma, which, according to Doe, prevents her from being able to medically tolerate wearing a face mask. In her complaint, Doe alleged that she attempted to work

4

with the School District during the 2020–21 school year to secure a medical exemption from the mask mandate for Sarah. Doe initially requested a partial exemption from the mask mandate, which would allow Sarah to remove her mask during physical activity, but that request was denied. Sarah's asthmatic symptoms then worsened. After additional, unsuccessful attempts by Doe to obtain an accommodation for Sarah, Doe was advised to acquire a formal exemption letter from a physician. Taking that advice, on April 27, 2021, Doe sent the School District a note from Sarah's treating physician indicating that Sarah had been diagnosed with asthma and that she should be allowed to engage in physical activity without a mask in order to prevent wheezing. In response, the District Superintendent of Schools, Dr. Jared Bloom, called Doe and informed her that Sarah's exemption request had been denied, but that, as an alternative, Sarah could request "mask breaks." App'x at 149. Dr. Bloom noted "that the district had adopted an official policy not to give *any child* a mask exemption." *Id.* At Doe's request, Dr. Bloom followed up with a letter indicating that the School District was denying Sarah's medical exemption request based on the opinion of the School District's hired consultant, Dr. Ron Marino, who had reviewed the request and

5

spoken to Sarah's doctor. Dr. Marino found that "the mask was not creating difficulty with [Sarah's] asthma." *Id.* at 151.

Doe subsequently petitioned the School District to permit Sarah to attend school remotely. When that request was unsuccessful, Doe requested that Sarah be placed in a classroom with air conditioning and that she be allowed to wear a face shield or mesh mask as opposed to a cloth mask. These accommodation requests were also denied. On June 16, 2021, Doe sent a letter to the School District, through counsel, stating that the School District's policies violated Sarah's constitutional and statutory rights, and demanding an exemption from the mask mandate for Sarah for the remainder of the 2020–21 school year as well as the upcoming 2021–22 school year. The 2020–21 school year ended shortly thereafter.

Before the start of the 2021–22 school year, Doe inquired whether the NYSDOH intended to reimpose the mask mandate for the upcoming school year and was told "that guidance might be forthcoming." App'x at 154. On August 24, 2021, Doe sought yet another exemption for Sarah from the mask mandate with a certification from Sarah's doctor that "she is not medically able to tolerate a mask." *Id.* In a letter dated September 2, 2021, the School District denied the exemption sought by Doe based upon the recommendation of Dr. Marino. The School District

6

represented in that letter that Sarah's classrooms would be air conditioned in the 2021–22 school year and stated that any failure by the School District to comply with the NYSDOH's regulations could result in fines being imposed by the NYSDOH against the School District or Doe. On the same day, the NYSDOH issued an interim guidance for the 2021–22 school year pursuant to 10 N.Y.C.R.R. § 2.60 and in accordance with CDC guidance. The NYSDOH interim guidance required that "all students, personnel, teachers, administrators, contractors, and visitors must wear masks at all times indoors, regardless of vaccination status" and permitted exemptions for "[p]eople with medical or developmental conditions that prevent them from wearing a mask." App'x at 232.

On September 7, 2021, Doe filed a complaint against the School District alleging various violations of her and Sarah's constitutional and statutory rights.[1] The next day, Doe moved for a temporary restraining order and preliminary injunction prohibiting the School District from requiring masks for any student who asserts a medical need to opt out of the school mask policies, or, alternatively, from enforcing mask requirements for Sarah pending resolution of this matter.

---

[1] Doe's complaint was also filed against the Commissioner of the NYSDOH; however, that individual is no longer a party to this appeal.

7

In a scheduling order filed on September 8, 2021, the district court denied Doe's motion for a temporary restraining order and set a briefing schedule for the preliminary injunction motion. On September 15, 2021, the School District filed a pre-motion letter indicating that it intended to move to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and (6). The district court then held oral argument on Doe's motion for injunctive relief and the School District's anticipated motion to dismiss. By Memorandum and Order dated October 26, 2021, the district court denied Doe's motion for a preliminary injunction. *See Doe v. Franklin Square Union Free Sch. Dist. ("Doe I")*, 568 F. Supp. 3d 270 (E.D.N.Y. 2021). As relevant here, in denying the motion, the district court concluded that rational basis review applied to the mask mandate because the mandate "[did] not impinge upon any fundamental right." *Id.* at 291. The district court, however, reserved decision on whether Doe was entitled to preliminary injunctive relief on her state law claims. *Id*. at 295. At the request of the parties, the district court continued the hearing to November 3, 2021, to allow the parties to pursue settlement negotiations. *Id*. at 294.

On November 3, 2021, the parties reported that they had reached an agreement wherein the School District agreed to allow Sarah to wear a mesh mask

8

at school.  The same day, the district court entered an order stating that "[i]n light of the parties['] agreement regarding an accommodation, the [continued] hearing . . . is canceled; the accommodation shall remain in effect unless vacated by the Court."  App'x at 7.

Doe filed an amended complaint (the "Amended Complaint") on January 20, 2022, alleging seven causes of action: (1) "declaratory judgment action based upon federal preemption/violation of the Supremacy Clause" ("Count One"); (2) "violation of plaintiff[']s fundamental right to refuse medical interventions that place the child at risk of harm as documented by a licensed physician[,] 42 U.S.C. § 1983" ("Count Two"); (3) "violation of New York State's recognized common law rights to refuse unwanted medical treatment and make medical decisions for one's children" ("Count Three"); (4) "declaring the mask mandate unconstitutional under the United States Constitution and corresponding separation of powers clause of the New York Constitution" ("Count Four"); (5) "violation of Title II of the [ADA]—42 U.S.C. § 12101 *et seq.*—failure to provide reasonable accommodations" ("Count Five"); (6) "violations of [§] 504 of the Rehabilitation Act of 1973—29 U.S.C. § 794 *et seq.*" ("Count Six"); and (7) "violations of the New York State Human Rights Law [('NYSHRL')]" ("Count Seven").  App'x at 177–98.

9

The Amended Complaint contains allegations regarding the effectiveness of the mesh mask accommodation provided to Sarah as a result of the settlement negotiations. Doe alleges that with the mesh mask accommodation, Sarah "can breathe a little better" and "is having fewer [asthma] attacks." *Id.* at 176. But Doe asserts that the mesh mask accommodation is insufficient because "Sarah still has trouble breathing sometimes," and "the mesh mask has caused her to develop fungal rashes, causing her to miss school, or have to temporarily wear another mask that caused more breathing problems." *Id.* Thus, Doe claims that a full exemption from the mask mandate is necessary for Sarah.

The School District moved to dismiss the Amended Complaint, arguing in part that Doe's requests for injunctive and declaratory relief were moot given that the NYSDOH's regulation requiring masks in schools had been lifted on March 2, 2022, and the School District had adopted a new, mask-optional policy. At the district court's request, the parties provided supplemental briefing on the issue of whether Doe's claims for injunctive and declaratory relief were mooted by the repeal of the mask mandate.

On March 24, 2023, the district court issued a Memorandum and Order granting the School District's motion to dismiss the Amended Complaint in its

entirety. *See Doe v. Franklin Square Union Free Sch. Dist. ("Doe II")*, No. 21-cv-5012 (FB), 2023 WL 2632512 (E.D.N.Y. Mar. 24, 2023). The district court concluded that, due to the lifting of the mask mandate, the Amended Complaint was "moot insofar as it seeks declaratory and injunctive relief," and therefore the court dismissed Counts One and Four, which "state[d] no cognizable claim beyond declaratory and injunctive relief." *Id*. at *2. The district court also concluded that the Amended Complaint did not plausibly allege a substantive due process violation because the mask mandate did not infringe on a fundamental constitutional right. *Id*. at *3. The court, therefore, dismissed Doe's substantive due process claim (Count Two) for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id*. As for Doe's failure-to-accommodate claims under the ADA (Count Five) and § 504 (Count Six), the district court first concluded that the claims were limited to injuries suffered prior to November 3, 2021, the date the School District granted the mesh mask accommodation, because the accommodation had been "deemed acceptable by all parties." *Id*. The district court then concluded that the claims based on conduct predating November 3, 2021, failed as a matter of law because Doe had not exhausted her administrative remedies under the IDEA. *Id*. at *4. Finally, Doe's failure-to-accommodate claim under the NYSHRL (Count Seven) was dismissed

11

for her failure to satisfy the New York Education Law's notice of claim requirement, which stripped the court of subject matter jurisdiction over the claim. *Id*.[2] This appeal followed.

On appeal, Doe challenges the district court's dismissal of her substantive due process claim and her claims under the ADA, § 504, and the NYSHRL (Counts Two, Five, Six, and Seven).[3] Specifically, with respect to her constitutional claim, Doe argues that the School District "infringed multiple well-established fundamental rights in this case, and the [district] court should have applied strict scrutiny" when considering the constitutionality of the School District's enforcement of the mask mandate. Appellant's Br. at 28. She further argues that even under rational basis review, dismissal was improper because the state lacks any legitimate interest in denying what she refers to as "a necessary medical accommodation from an experimental medical product"—the mask. *Id*. As to her claims under the ADA and § 504, she argues that the district court erred in limiting

---

[2] The district court also dismissed Doe's New York State law claim for violation of her right to refuse unwanted medical treatment (Count Three) as abandoned because Doe failed to respond to the School District's arguments in support of dismissal. *See id.* at *3.

[3] Doe does not challenge the district court's dismissal of Counts One, Three, and Four. Accordingly, she has abandoned those claims. *See United States v. Joyner*, 313 F.3d 40, 44 (2d Cir. 2002) ("It is well established that 'an argument not raised on appeal is deemed abandoned' and lost." (quoting *United States v. Babwah*, 972 F.2d 30, 34 (2d Cir. 1992))).

her claims to the time period prior to the mesh mask accommodation because a factual dispute exists as to whether the mesh mask was a reasonable accommodation. She further argues that the district court erred in concluding that she was required to satisfy the exhaustion requirements of the IDEA. And for her claim under the NYSHRL, Doe argues that the Amended Complaint adequately pleads that she met the notice of claim requirements under N.Y. Educ. Law § 3813(1).

## DISCUSSION

We review dismissals pursuant to Fed. R. Evid. 12(b)(6) *de novo*. *See Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (internal quotation marks omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

13

## I.     CONSTITUTIONAL CLAIM

We turn first to Doe's constitutional claim.  Doe contends that the School District's actions in enforcing the mask mandate against Sarah violated the Due Process Clause of the Fourteenth Amendment because they infringed on multiple fundamental constitutional rights and fail to satisfy strict scrutiny.  She further argues that even if rational basis review applies, the School District's conduct was unconstitutional.  The School District contends that we should affirm the district court's dismissal of Doe's constitutional claims because the School District's actions did not implicate a fundamental constitutional right and easily satisfy rational basis review.  We agree with the School District.

### A. Applicable Law

To determine whether a government action "infringes a substantive due process right, we first 'determine whether the asserted right is fundamental.'" *Goe v. Zucker*, 43 F.4th 19, 30 (2d Cir. 2022) (quoting *Leebaert v. Harrington*, 332 F.3d 134, 140 (2d Cir. 2003)).  "Rights are fundamental when they are . . . deeply rooted in the Nation's history and tradition."  *Leebaert*, 332 F.3d at 140 (internal quotation marks omitted).  Strict scrutiny review applies only when the government infringes a "fundamental" right.  *Id*.  "Where the claimed right is not

14

fundamental," we apply rational basis review, and the government action "need only be reasonably related to a legitimate state objective."[4]  *Immediato v. Rye Neck Sch. Dist.*, 73 F.3d 454, 461 (2d Cir. 1996).

**B. Does the School District's mask mandate implicate a fundamental right?**

Doe argues that the School District's enforcement of the mask mandate against Sarah infringed essentially three fundamental rights: (1) the right to a medical exemption deriving from the right to self-preservation, (2) the right to refuse medical treatment, and (3) the parental right to make medical decisions for one's own children.  Doe claims that the district court erred in dismissing her substantive due process claims because strict scrutiny, as opposed to rational basis review, applies to the School District's implementation and enforcement of the mask mandate.  We disagree.

**1. Right to a medical exemption**

---

[4] We note that the district court grappled with whether to apply a "shocks the conscience" standard, *see Rochin v. California*, 342 U.S. 165 (1952), as opposed to the modern tripartite standard of constitutional scrutiny.  *See Doe I*, 568 F. Supp 3d at 274–75.  On appeal, both parties assume that the School District's actions should be evaluated under the tripartite standard.  *See* Appellant's Br. at 44–66 (arguing that strict scrutiny rather than rational basis review should apply); Appellee's Br. at 47 (arguing that the district court correctly applied rational basis review).  We thus apply that framework here.  We do not decide whether, under *Goe v. Zucker*, the School District's application of the mandate, which is at issue here rather than the mandate itself, is properly reviewed under the "shocks the conscience" test.

15

Doe first argues that the School District infringed Sarah's right to self-preservation by declining to accommodate her request for a medical exemption. This argument stems from the idea that "a sufficient medical exemption [is] a constitutional prerequisite to any valid public health law." Appellant's Br. at 46–47 (citing *Jacobson v. Massachusetts*, 197 U.S. 11, 36–39 (1905)). Given that the mask mandate at issue in the present case undisputedly contains a medical exemption,[5] Doe specifically argues that Sarah has a fundamental constitutional right to a medical exemption from the relevant mask mandate based exclusively on her physician's recommendation. Put simply, Doe challenges not the absence of a medical exemption from the mask mandate (since the mandate contains such an exemption), but the method that the School District used in determining whether to grant such an exemption to Sarah.

We have not previously considered whether a student has a fundamental right to a medical exemption from a mask mandate imposed during the COVID-19 pandemic based solely on a treating physician's recommendation. We have, however, concluded that no such fundamental right exists in the context of school immunization requirements. *See Zucker*, 43 F.4th at 31–32. In *Zucker*, the plaintiffs

---

[5] *See* 10 N.Y.C.R.R. § 2.60(a) (Aug. 27, 2021) (requiring compliance with the mask mandate in schools only by those "over age two and able to medically tolerate a face-covering").

16

sought an exemption from a mandatory school immunization policy—which permitted medical exemptions in certain circumstances—based "*solely* on the recommendation -- or say-so -- of a child's treating physician." *Id.* at 31. The school denied the plaintiffs' requests for exemption. *Id.* at 27. In rejecting the plaintiffs' claim that the policy infringed on their fundamental right to a medical exemption from the school policy, among other rights, *id.* at 30, we recognized that the requirement under the policy that a physician certify that a student "has a medical contraindication or precaution to a specific immunization consistent with [CDC] guidance or other nationally recognized evidence-based standard of care," ensures that exemptions comply with "evidence-based national standards" and are not made "in conclusory fashion or for non-medical reasons," *id*. at 31 (internal quotation marks omitted).

*Zucker*'s reasoning applies with equal force to Doe's request for an exemption from the school mask mandate policy based solely on her physician's recommendation. It is not unreasonable for a school policy to require that requests for a medical exemption be reviewed by the school's physician, particularly when the policy is designed to protect the health of all students and staff. More generally, it is reasonable for the government to condition the application of a

17

medical exemption to a public health mask mandate on a determination that the individual seeking the exemption would, in fact, be harmed by wearing a mask. The plaintiff offers no persuasive authority to support her suggestion that an individual is entitled to a medical exemption whenever that individual can identify a licensed medical provider who will support her request.

Doe's reliance on several abortion cases does not alter our analysis. *See* Appellant's Br. at 48 (citing first *Stenberg v. Carhart*, 530 U.S. 914 (2000); and then *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320 (2006)). In those cases, the Supreme Court held that the lack of an adequate medical exemption to an abortion restriction placed an undue burden on a woman's fundamental right to the procedure. *See, e.g.*, *Stenberg*, 530 U.S. at 937. As the district court correctly noted below, the Supreme Court's recognition of such a right in those cases does not compel the conclusion "that there is a standalone fundamental right to have one's own physician determine the need for compliance with every public health measure." *Doe I,* 568 F. Supp. 3d at 290. In the abortion cases to which Doe cites, the Supreme Court framed the right at issue in terms of deeply intimate and personal medical decisions related to the termination of a pregnancy. By contrast, the mask mandate at issue here is evaluated more properly as a matter of public

health and requires the weighing of the effect on the patient with the potential harm to society as a whole. In the context of a mask mandate, as in the case of a more intrusive vaccination policy, there is no fundamental right to a medical exemption based exclusively on the recommendation of a plaintiff's physician. *See Zucker*, 43 F.4th at 31 ("[N]o court has ever held that there is a right to a medical exemption from immunization based solely on the recommendation of a physician. Nor has any court held that such a right is 'implicit in the concept of ordered liberty, or deeply rooted in this Nation's history and tradition.'" (quoting *Leebaert*, 332 F.3d at 140)).

## 2. Right to refuse medical treatment

Doe next argues that the School District's enforcement of the mask mandate infringed upon Sarah's right to refuse unwanted medical treatment. This argument requires us to consider whether the wearing of a mask qualifies as medical treatment. We agree with the district court that "[w]hile the [m]ask [m]andate was obviously intended as a health measure, it no more requires a 'medical treatment' than laws requiring shoes in public places or helmets while riding a motorcycle." *Doe I*, 568 F. Supp. 3d at 290 (citations omitted). The alleged "restraint" at issue here—a face covering to help slow the spread of a disease that

has killed hundreds of thousands in this nation alone—is neither a medical treatment nor a restraint so onerous as to merit heightened constitutional scrutiny.

Indeed, courts in other Circuits that have considered the issue have similarly concluded that wearing a mask is not appropriately considered a "medical treatment." *See Health Freedom Def. Fund, Inc. v. City of Hailey*, 590 F. Supp. 3d 1253, 1266 (D. Idaho 2022) ("[T]he wearing of a cloth (or even medical grade) face covering is *not* medical treatment. It is not an intrusion on the body."); *Zinman v. Nova Se. Univ., Inc.*, No. 21-cv-60723 (RAR) (JMS), 2021 WL 4025722, at *17 (S.D. Fla. Aug. 30, 2021) ("With respect to Plaintiff's bodily intrusion and medical treatment contentions, such characterizations are implausible. A mask requirement does not plausibly qualify as a 'compulsory bodily intrusion.' Wearing a mask on the outer surface of one's face to cover one's nose and mouth does not 'intrude' within one's body." (footnote omitted)), *report and recommendation adopted sub nom. Zinman v. Nova Se. Univ.*, No. 21-cv-60723 (RAR) (JMS), 2021 WL 4226028 (S.D. Fla. Sept. 15, 2021), *aff'd sub nom. Zinman v. Nova Se. Univ., Inc.*, No. 21-13476, 2023 WL 2669904 (11th Cir. Mar. 29, 2023); *Forbes v. Cnty. of San Diego*, No. 20-cv-00998 (BAS) (JLB), 2021 WL 843175, at *8 (S.D. Cal. Mar. 4, 2021) ("The Court also doubts that requiring people to wear a mask qualifies as

20

'medical treatment' within the meaning of the Due Process Clause."). We agree that a requirement to wear a mask does not constitute a "medical treatment."

Finally, we note that even if we were to assume that the wearing of a mask constitutes a medical treatment, the School District did not infringe any fundamental right to refuse such a treatment in this case. In *We The Patriots USA, Inc. v. Hochul*, we explained that "[b]oth this Court and the Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." 17 F.4th 266, 293 (2d Cir. 2021) (per curiam) (citing *Jacobson*, 197 U.S. at 25–31, 37). There, we examined rights similar to those Doe asserts in the present case, including the right to "medical freedom" and "bodily autonomy," and found that a rule requiring certain health care employees to be vaccinated against COVID-19 did not infringe any such right. *Id.* at 293 & n.35.

The logic animating *We The Patriots* applies with equal force to the mask mandate, which was imposed for the same public safety reasons as the vaccine mandate at issue in that case. There, we found that "an individual's liberty interest in declining an unwanted [] vaccine was outweighed . . . by the State's interest in

21

preventing disease."  *Id.* (internal quotation marks omitted).  So too here.  In the face of such an unprecedented public health emergency, an individual's desire to refuse to wear a face covering is outweighed by New York's interest in safeguarding public health and preventing the spread of COVID-19.  We therefore hold that wearing a mask does not constitute "medical treatment," and, even if it did, the School District did not infringe any fundamental right to refuse medical treatment by denying Doe's request for an exemption to the mask mandate for Sarah.[6]

### 3. Parents' right to make medical or educational decisions for their children

Doe's argument that the School District's enforcement of the mask mandate violated her parental rights is also unavailing.  The Supreme Court has "recognized the fundamental right of parents to make decisions concerning the care, custody, and control of their children," *Troxel v. Granville*, 530 U.S. 57, 66

---

[6] To the extent that Doe attempts to argue that the School District infringed any related medical decision-making right, including any "right to bodily integrity," "right to be free of coercion in deciding whether to take an experimental medical product," or "right to make medical decisions in accordance with one's chosen physician's best medical judgment," Appellant's Br. 50, those attempts fail.  Again, Doe relies exclusively on authorities that are too far afield of this case to suggest that the School District infringed any fundamental right in denying Doe's request for an exemption to the mask mandate.  *See, e.g.*, *Doe v. Bolton*, 410 U.S. 179 (1973) (abortion); *Union Pacific R. Co. v. Botsford*, 141 U.S. 250 (1891) (court-ordered surgical examination of a plaintiff in a civil lawsuit); *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163 (2d Cir. 2009) (Alien Tort Statute case involving involuntary testing of antibiotics on children).

(2000), but parents "have no constitutional right to provide their children with . . . education unfettered by *reasonable* government regulation," *Immediato*, 73 F.3d at 461 (quoting *Runyon v. McCrary*, 427 U.S. 160, 178 (1976)); *see also Zucker*, 43 F.4th at 31 ("While the right to an education is an important right, it is not a 'fundamental right' such as to require strict scrutiny review.").

Doe has not identified, and the Court is not aware of, any cases standing for the proposition that school masking requirements violate the right of parents to raise their children. Although parents possess the right to make decisions regarding the upbringing of their children, *see Troxel*, 530 U.S. at 66, Doe has not shown that any such right is infringed by a school district denying a medical exemption from a public health measure based solely on the recommendation of a child's physician. As with the other rights addressed above, the cases on which Doe relies are readily distinguishable from this one. *See, e.g.*, *Parham v. J.R.*, 442 U.S. 584, 603 (1979) (state-administered institutional mental health care for children); *Wallis v. Spencer*, 202 F.3d 1126, 1141 (9th Cir. 2000) (investigatory physical examinations of children).

In sum, we hold that Doe has not shown that the School District infringed any of Sarah's or Doe's fundamental rights by denying Sarah a medical exemption to the mask mandate.

**C. Does the School District's mask mandate survive rational basis review?**

With no fundamental constitutional right at stake, we apply rational basis review, rather than strict scrutiny. *See Zucker*, 43 F.4th at 30. Under rational basis review, the challenged government action is afforded a strong presumption of validity and need only be reasonably related to a legitimate state objective to survive. *See Heller v. Doe*, 509 U.S. 312, 319 (1993) ("[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity."). Government action fails under rational basis review only when it "rests on grounds wholly irrelevant to the achievement of the State's objective." *Id*. at 324 (internal quotation marks omitted).

Here, the School District's application of the NYSDOH's mask mandate to Sarah survives rational basis review because it was reasonably related to a legitimate state objective: ensuring the health and safety of all students, teachers, and visitors on school grounds by curbing the spread of COVID-19. It is well settled that public health is a legitimate state interest. *See Jacobson v. Massachusetts*,

197 U.S. 11, 27 (1905) ("[A] community has the right to protect itself against an epidemic of disease which threatens the safety of its members."); *Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 45 n.8 (2d Cir. 2010) ("promoting public health" is a legitimate state interest (internal quotation marks omitted)); *see also Kane v. De Blasio*, 19 F.4th 152, 166 (2d Cir. 2021) (holding that New York City's mandatory vaccination requirement for teachers "plainly satisfies" rational basis review).

Further, the School District's enforcement of the mandate against Sarah was reasonably related to that legitimate interest. The School District could have rationally determined that granting Sarah an exemption would have endangered the health of other students and faculty within the district. It also could have rationally determined that Sarah could medically tolerate a mask since the School District's consulting physician determined as much after conferring with Sarah's physician.

Accordingly, we agree with the district court that the School District's enforcement of the mask mandate in the present case was reasonably related to a legitimate state objective and satisfies rational basis review. We affirm the judgment of the district court dismissing Doe's constitutional claim.

## II. ADA AND § 504 CLAIMS

In Counts Five and Six, Doe alleges that the School District violated the ADA and § 504 of the Rehabilitation Act by failing to reasonably accommodate Sarah's disability.[7] Claims brought under Title II of the ADA and § 504 of the Rehabilitation Act are considered together, since the standards adopted by the statutes are nearly identical. *See McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). Doe must show that "(1) [Sarah] is a qualified individual with a disability; (2) the [School District] is subject to one of the Acts; and (3) [Sarah] was denied the opportunity to participate in or benefit from the [School District's] services, programs, or activities, or was otherwise discriminated against by the [School District] because of [her] disability." *Id.* Under either statute, a defendant's failure to make a reasonable accommodation to allow a plaintiff with a disability to access the public service in question is considered discrimination. *Id*.

Here, the district court first held that Doe's request for an accommodation from the mask mandate was satisfied by the parties' November 3, 2021, agreement that Sarah could wear a mesh mask, as opposed to a cloth mask, at school. The

---

[7] The district court did not reach the question of whether Sarah had a disability under the ADA or § 504 and instead resolved her federal statutory claims on other grounds. Accordingly, for purposes of this discussion, we assume without deciding that Sarah has a qualifying disability.

26

court assessed that the agreement, which was "deemed acceptable by all parties," cut off claims for damages arising after the mesh mask accommodation was reached. *Doe II*, 2023 WL 2632512, at *3. Therefore, the court concluded that Doe could seek damages only for the School District's failure to grant an accommodation before November 3, 2021. *Id*. The court further held, however, that any such claim for damages was prohibited because Doe failed to exhaust her administrative remedies under the IDEA. *Id*. at *4. Doe argues that the district court erred in arriving at both of these conclusions. We agree.

### A. Limitation of damages claims

In concluding that damages are not available to Doe for injuries allegedly sustained after November 3, 2021, the district court implicitly held that the mesh mask accommodation was "reasonable" for purposes of Doe's disabilities claims. *See U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 400 (2002) ("An *ineffective* 'modification' or 'adjustment' will not *accommodate* a disabled individual's limitations.").

Our court has held that "the determination of whether a particular [accommodation] is 'reasonable' involves a fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the [accommodation] in light

27

of the nature of the disability in question." *Mary Jo Co. v. N.Y. State & Loc. Ret. Sys.*, 707 F.3d 144, 153 (2d Cir. 2013) (internal quotation marks omitted). Indeed, the "[r]easonableness analysis is 'highly fact-specific' . . . [and] cannot be determined on the pleadings [where] the relevant factors are numerous and balancing them requires a full evidentiary record." *Austin v. Town of Farmington*, 826 F.3d 622, 630 (2d Cir. 2016) (quoting *Hovsons, Inc. v. Twp. of Brick*, 89 F.3d 1096, 1104 (3d Cir. 1996)).

The mesh mask accommodation offered to Sarah was not *per se* reasonable simply because she agreed to it at the outset. Doe alleged that after the accommodation was implemented, it became clear that the mesh mask was not effective for Sarah. According to Doe, even with the mesh mask "Sarah still has trouble breathing sometimes," and the mesh mask caused Sarah to develop fungal rashes, which, in turn, caused her to miss school or temporarily wear another type of mask that exacerbated her issues with breathing. App'x at 176. Accepting these allegations as true, as we must at the motion to dismiss stage, Doe plausibly alleges that the mesh mask accommodation was not effective.[8] As such, we cannot

---

[8] We do not hold that the offered accommodation was unreasonable as a matter of law. We rule only that the district court erred in determining that it was reasonable as a matter of law at the pleading stage.

conclude that the School District afforded Sarah a plainly reasonable accommodation. Therefore, we reverse the district court's judgment insofar as it cut off Doe's claims for damages after November 3, 2021, and remand the case for further proceedings on this issue.

## B. Exhaustion under the IDEA

Claims brought under the ADA and Rehabilitation Act are subject to the exhaustion requirements of the IDEA when they seek relief that would also be available under the IDEA. *See Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 165 (2017); 20 U.S.C. § 1415(l) (stating that "[n]othing [under the IDEA] shall be construed to restrict or limit the . . . remedies" available under, *inter alia*, the ADA and the Rehabilitation Act, "except that before the filing of a civil action under such laws seeking relief that is also available under [the IDEA]," plaintiffs must exhaust their remedies under the IDEA). "[E]xhaustion is not necessary[, however,] when the gravamen of the plaintiff's suit is something other than the denial of the IDEA's core guarantee—what the Act calls a 'free appropriate public education [("FAPE")].'" *Fry*, 580 U.S. at 158 (quoting 20 U.S.C. § 1412(a)(1)(A)). FAPE "means, *inter alia*, 'special education and related services that . . . have been provided at public expense, under public supervision and direction, and without

charge'; that 'meet the standards of the State educational agency'; and that 'include an appropriate preschool, elementary school, or secondary school education in the State involved.'" *A.R. v. Conn. State Bd. of Educ.*, 5 F.4th 155, 157 (2d Cir. 2021) (quoting 20 U.S.C. § 1401(9)). The district court held that "[b]ecause the gravamen of Doe's suit is the denial of free appropriate public education, the IDEA exhaustion requirement applies to her ADA and Rehabilitation Act claims." *Doe II*, 2023 WL 2632512, at *4. We disagree.

To determine whether a suit complains of a denial of a FAPE, "a court should look to the substance, or gravamen, of the plaintiff's complaint." *Fry*, 580 U.S. at 165. The Supreme Court articulated the following "pair of hypothetical questions" to guide the inquiry:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library? And second, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance? When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject; after all, in those other situations there is no FAPE obligation and yet the same basic suit could go forward.

*Fry*, 580 U.S. at 171.

In determining the gravamen of Doe's claim, the School District urges us to look to the allegation in Doe's Amended Complaint that "[t]he failure to accommodate Sarah's disability has deprived Sarah of her right to an education as a person with a disability." App'x at 196. Because she alleges as much, the School District argues that Doe cannot now contend that she could have brought her disability claim if the underlying conduct had occurred at a different public facility or that an adult at the school could have pressed the same grievance. But the mere allegation that Sarah was deprived "of her right to an education as a person with a disability," *id.*, alone, is insufficient to demonstrate that the gravamen of the Amended Complaint concerns the denial of a FAPE. As the Supreme Court instructed in *Fry*, the examination of a plaintiff's complaint "should consider substance, not surface. The use (or non-use) of particular labels and terms is not what matters." *Fry*, 580 U.S. at 169.

Here, a thorough reading of Doe's Amended Complaint makes clear that she is seeking a remedy for the School District's alleged failure to accommodate Sarah's medical needs under the ADA and § 504. Just because the alleged conduct arose in a school setting does not automatically transform Doe's objection to that conduct into a claim of a denial of a FAPE. Applying the two-part test in *Fry*, it is

31

clear that Doe could have brought this same lawsuit against any public facility she sought to enter that had a mask requirement. Likewise, an adult accessing the school could have pressed the same grievance as the mask mandate applied to any individual (including, among others, teachers, contractors, or visitors) on school premises.

The claim here is akin to the hypothetical posed in *Fry*, whereby "a wheelchair-bound child sues his school for discrimination under Title II . . . because the building lacks access ramps." *Id.* at 171. Although, as the Supreme Court noted, this claim could have "educational consequences" as a result of the child's inability to enter the school, the denial of a FAPE would not be the gravamen of such a claim. *Id.* at 172. That is because "the child could file the same basic complaint if a municipal library or theater had no ramps" and "an employee or visitor could bring a mostly identical complaint against the school." *Id.* That logic applies with equal force here. While Sarah's education may have been disrupted by her alleged inability to tolerate a face mask, her real complaint is one of disability-based discrimination, grounded in the School District's refusal to provide a reasonable accommodation.

The School District also argues that exhaustion was required because Doe is seeking the type of equitable relief available under the IDEA. Doe counters that her claims are not subject to the IDEA exhaustion requirements because she now seeks only damages, which is not a form of relief available under the IDEA. In interpreting 20 U.S.C. § 1415(l), which extends the IDEA exhaustion requirements to cover claims under the ADA and Rehabilitation Act seeking relief available under the IDEA, we previously have "decline[d] to excuse appellants from the [IDEA] exhaustion requirement merely because in their suit they seek, *inter alia*, pecuniary damages, a remedy unavailable under the IDEA." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 247 (2d Cir. 2008); *see also Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 789 (2d Cir. 2002) ("A plaintiff cannot evade the IDEA's exhaustion requirement simply by framing his or her action as one for monetary relief."); *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 488 (2d Cir. 2002) ("The fact that [plaintiff] seeks damages, in addition to relief that is available under the IDEA, does not enable her to sidestep the exhaustion requirements of the IDEA."). But the Supreme Court clarified in *Luna Perez v. Sturgis Public Schools* that suits seeking damages under another federal law are not subject to the IDEA exhaustion requirements. 598 U.S. 142, 147–48 (2023). This is

because, the Supreme Court reasoned, § 1415(l) "applies *only* to suits that 'see[k] relief . . . also available under' IDEA" and compensatory damages are unavailable under the IDEA. *Id.* at 147. In light of the inconsistency between this Supreme Court decision and our precedent holding that suits seeking damages may be subject to the IDEA exhaustion requirements, we must conclude that such precedent is "no longer good law." *Wojchowski v. Daines*, 498 F.3d 99, 109 (2d Cir. 2007); *accord In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 154–55 (2d Cir. 2015), *as amended* (Dec. 17, 2015), *aff'd sub nom. Jesner v. Arab Bank, PLC*, 584 U.S. 241 (2018).

Applying *Luna Perez* here, we conclude that Doe's suit is not subject to the IDEA exhaustion requirements. Doe sought equitable relief and damages in her Amended Complaint. However, Doe's claims for equitable relief became moot upon the lifting of the mask mandate. Accordingly, the only claims remaining are for damages. Because damages are not available under the IDEA, Doe was not required to satisfy the statute's exhaustion requirement.[9] For those reasons, we

---

[9] To the extent that the School District argues that the IDEA exhaustion requirements nevertheless apply to all of Doe's ADA and Rehabilitation Act claims because Doe sought equitable relief at one point during the litigation, we disagree. In *Luna Perez*, the Supreme Court explained that "a plaintiff who files an ADA action seeking both damages and the sort of equitable relief IDEA provides may find his request for equitable relief barred or deferred if he has yet to exhaust" his remedies under the IDEA. 598 U.S. at 150. Thus, where, as here, a plaintiff seeks

34

reverse the district court's judgment on Counts Five and Six and remand for further proceedings on those claims.

## III. NYSHRL CLAIM

Doe argues that the district court erred by dismissing her NYSHRL claim for lack of subject matter jurisdiction based on her purported failure to meet the notice of claim requirement under N.Y. Educ. Law § 3813(1). Doe contends that she sufficiently alleged that she satisfied the notice requirement, pointing to allegations about two letters that counsel sent to the School District on June 16, 2021, and August 24, 2021. But Doe did not raise that argument below. She has therefore forfeited her argument about the NYSHRL claim, and we decline to exercise our discretion to consider it for the first time on appeal. *See Katel Ltd. Liab. Co. v. AT&T Corp.*, 607 F.3d 60, 68 (2d Cir. 2010). Thus, we affirm the district court's dismissal of the NYSHRL claim.

## CONCLUSION

We have considered the parties' remaining arguments and find them to be without merit. For the reasons set forth above, we **AFFIRM** in part and **REVERSE**

---

both damages and equitable relief, the failure to exhaust remedies under the IDEA bars (or defers) only the equitable relief portion of the suit, not the damages portion as well. It follows that, once the equitable claims have become moot, there is no exhaustion bar to the continued pursuit of the damages claim.

in part the judgment of the district court and remand for further proceedings consistent with this opinion.