24-99
*Florio v. William Floyd Union Free Sch. Dist.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES
> JON O. NEWMAN
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

NOELLO FLORIO,

> *Plaintiff-Appellant*,

v.                                                                      No. 24-99

WILLIAM FLOYD UNION FREE SCHOOL DISTRICT,

> *Defendant-Appellee.*

_____

1

FOR PLAINTIFF-APPELLANT:            KRISTINA S. HEUSER, P.C., LOCUST VALLEY, NY

FOR DEFENDANT-APPELLEE:            RICHARD S. FINKEL, HOWARD M. MILLER; BOND, SCHOENECK & KING, PLLC, GARDEN CITY, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **AFFIRMED**.

We assume the parties' familiarity with the facts and legal issues on appeal.  We conclude that Florio's claims were properly dismissed.

First, the district court judge's abbreviated proceedings met the bare requirements of Florio's due process rights in this instance.  We note that Florio did not make a request to amend at the pre-motion conference.  *See In re Tamoxifen Citrate Antitrust Litigation*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss.") (citation omitted).  And, following dismissal, Florio did not move to amend nor did she raise with this Court any denial of leave to amend.  Without a motion for leave to amend, the district court could not deny one.  The district court's direction to the clerk to close the case was similarly free of legal error.  *See Malin v. XL Capital, Ltd.*, 312 Fed. Appx. 400, 403 (2d Cir. 2009) (summary order).

Second, we agree with the district court that Florio's pleadings are deficient.  Since 2021, Florio has been offered leave from her employment and a wide variety of accommodations to the mask mandate.  Yet, she failed to report to work for large portions of the 21-22 and 22-23 school year and refused to comply with school district directives.  Only after a six-day hearing, represented by counsel, was Florio's employment terminated.  Florio failed to establish a prima

2

facie case for failure to accommodate under the ADA and Rehabilitation Act and failed to sufficiently plead her retaliation claims under Title VII, the FMLA, and the First Amendment.

In addition, our comprehensive opinion upholding the New York State vaccine mandate in *We The Patriots USA, Inc. v. Hochul* forecloses on Florio's Title VII and free exercise claims regarding New York State masking requirements. 17 F.4th 266, 290, 293 (2d Cir.), opinion clarified, 17 F.4th 368 (2d Cir. 2021). In fact, we have already applied the reasoning of *We the Patriots USA* to uphold New York State masking requirements. *See Doe v. Franklin Square Union Free Sch. Dist.*, 100 F.4th 86, 97 (2d Cir. 2024).

We have considered Florio's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court.

<div style="margin-left: 40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>