NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH M. WILKINS, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STEVE HERRON; CHAD LOWE; STEVEN COOK; PAUL DEAN; BEND-LAPINE ADMINISTRATIVE SCHOOL DISTRICT 1, an Oregon Public School District, authorized and chartered by the laws of the State of Oregon, <br><br> Defendants - Appellees. | No. 24-80 <br><br> D.C. No. 6:23-cv-00169-AA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted December 4, 2024
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Appellant Keith Wilkins, a former public-school teacher, was placed on

unpaid leave and subsequently fired for refusing to comply with COVID-19

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

vaccine and mask mandates. In response, he filed the present action against his former employer, the Bend La-Pine Administrative School District 1 ("School District"), as well as four administrators ("Administrators"), asserting various claims under 42 U.S.C. § 1983 ("Section 1983"). The district court dismissed Wilkins's amended complaint without leave to amend, and Wilkins timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of Wilkins's claims de novo and may affirm on any basis supported by the record. *Kappouta v. Valiant Integrated Servs., LLC*, 60 F.4th 1213, 1216 (9th Cir. 2023). We affirm.

1.      Wilkins has failed to state a claim that Defendants violated Section 564 of the Food, Drug, and Cosmetic Act ("FDCA"). The relevant provision defines the responsibilities of the Secretary of Health and Human Services ("HHS") with respect to "ensur[ing] that health care professionals administering" emergency use products are properly informed and, in turn, "ensur[ing] that individuals to whom the product is administered" are properly informed. 21 U.S.C. § 360bbb-3(e)(1)(A)(i), (ii). Accordingly, the statute does not regulate the conduct of Defendants, who are neither HHS officials nor health care professionals.

Moreover, Wilkins cannot use Section 1983 to enforce Section 564 of the FDCA. Even when a Section 1983 plaintiff makes a showing that a "federal

statute creates an individually enforceable right in the class of beneficiaries to which he belongs," a defendant may rebut the "presumption that the right is enforceable under § 1983" by "demonstrating that Congress did not intend that remedy for a newly created right." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 120 (2005) (citations and quotation marks omitted). "[E]vidence of such congressional intent may be found directly in the statute creating the right, or inferred from the statute's creation of a 'comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983.'" *Id.* at 120 (cleaned up). "The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Id.* at 121 (citation and quotation marks omitted).

Even assuming that Wilkins has made the requisite showing of an individually enforceable right, Defendants have successfully rebutted the presumption that any such right is enforceable under Section 1983. Section 310 of the FDCA provides that, with specified exceptions for proceedings brought by the states, "all such proceedings for the enforcement, or to restrain violations, of [the FDCA] shall be by and in the name of the United States." 21 U.S.C. § 337(a). Thus, "[t]he FDCA leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with the medical device provisions." *Buckman Co. v. Pls.' Legal Comm.*, 531 U.S. 341, 349 n.4

24-80

(2001).

2.      Wilkins's remaining claims against the School District fail to state a claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

*Monell* requires a plaintiff suing a municipal entity under Section 1983 to "show that [his] injury was caused by a municipal policy or custom." *Los Angeles County v. Humphries*, 562 U.S. 29, 31 (2010). A municipality may be held liable "only for its own violations of federal law," *id.* at 36, and a municipal policy or custom must constitute a "deliberate choice to follow a course of action . . . made from among various alternatives," *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (citations and quotation marks omitted).

Wilkins claims that the School District violated his constitutional rights by enforcing Oregon's regulatory vaccine and mask mandates for public school employees. *See* Or. Admin. R. 333-019-1015, 333-019-1030. Wilkins does not dispute that the School District was bound by state law to enforce these mandates, but he argues that the School District may nevertheless be held liable based on *Evers v. Custer County*, 745 F.2d 1196 (9th Cir. 1984).

*Evers* is distinguishable. There, the plaintiff's claimed injury—the deprivation of her property interests without due process—was caused by municipal conduct that was *not* required by state law. Although a state law had

4                                                                                    24-80

made it the "duty of the commissioners to record as public highways roads which have become such by use," *id.* at 1198 n.1, it left the determination of whether the road in question was a public highway to the commissioners and did not prohibit them from providing the plaintiff with notice and an opportunity to be heard. By contrast, Wilkins has failed to allege that his injuries were caused by any conduct of Defendants not required by state law. Instead, he concedes that state laws required school employees to be vaccinated and to wear masks and that those laws were binding on the School District.

Accordingly, Wilkins has failed to allege that his injuries are traceable to any policy or custom of the School District, as opposed to state law. *Cf. Sandoval v. County of Sonoma*, 912 F.3d 509, 517-18 (9th Cir. 2018) (policy or custom requirement met where municipalities erroneously interpreted state law); *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1202 (9th Cir. 2008), *as amended* (Jan. 30, 2009) (remanding for determination of whether plaintiffs could meet policy or custom requirement based on theory that municipality failed to take action that was not prohibited by state law), *rev'd on other grounds*, 562 U.S. 29 (2010).

3.      Wilkins's remaining claims against the individual Administrators fail on qualified immunity grounds.

"The doctrine of qualified immunity protects government officials from

liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Wood v. Moss*, 572 U.S. 744, 757 (2014) (citation omitted). "The plaintiff bears the burden of pointing to prior case law that articulates a constitutional rule specific enough to alert these officers in this case that their particular conduct was unlawful." *Hughes v. Rodriguez*, 31 F.4th 1211, 1223 (9th Cir. 2022) (cleaned up). The plaintiff is not required to cite "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (citation omitted).

At the time the Administrators enforced the vaccine and mask mandates, there was no clearly established due process right to refuse a vaccine or to wear a mask during a pandemic. To the contrary, *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905), had upheld a government vaccine mandate over objections about the vaccine's efficacy and safety. As a result, the Administrators could have reasonably believed that they could require their employees to receive a COVID-19 vaccination and to comply with the much less invasive measure of wearing a mask. Indeed, since the onset of the COVID-19 pandemic, numerous courts have rejected claims that COVID-19 vaccine

mandates[1] or mask mandates[2] violate individuals' substantive due process rights, which illustrates that any purported due process right to refuse a vaccine or to wear a mask during a pandemic was not clearly established.

There also was no clearly established First Amendment right to refuse to wear a mask on compelled speech grounds. Under *Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47 (2006), conduct cannot "be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *Id.* at 65-66 (citation omitted). Instead, "First Amendment protection" extends "only to conduct that is inherently expressive." *Id.* at 66. When an observer has "no way of knowing" that conduct is intended to express a message unless it is "accompanied" by "speech explaining it," that is "strong evidence that the conduct at issue" is "not so inherently expressive that it warrants protection." *Id.* Accordingly, in *Jacobs v. Clark County School District*, 526 F.3d 419 (9th Cir. 2008), we rejected a claim that a school uniform policy compels

---

[1] *E.g.*, *Child.'s Health Def., Inc. v. Rutgers, the State Univ. of N.J.*, 93 F.4th 66, 78 & n.25 (3d. Cir. 2024), *cert. denied* 144 S. Ct. 2688 (2024); *Brox v. Hole*, 83 F.4th 87, 100-01(1st Cir. 2023); *Norris v. Stanley*, 73 F.4th 431, 435-37 (6th Cir. 2023), *cert. denied* 144 S. Ct. 1353 (2024); *Lukaszczyk v. Cook County*, 47 F.4th 587, 599-603 (7th Cir. 2022), *cert. denied sub nom. Troogstad v. City of Chicago*, 143 S. Ct. 734 (2023); *Klaassen v. Trs. of Ind. Univ.*, 7 F.4th 592, 592-94 (7th Cir. 2021); *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293-94 (2d Cir. 2021) (per curiam), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021).

[2] *E.g.*, *Doe v. Franklin Square Union Free Sch. Dist.*, 100 F.4th 86, 96-97 (2d. Cir. 2024) (collecting cases), *cert. denied* No. 24-340, 2024 WL 4805912 (U.S. Nov. 18, 2024).

inherently expressive conduct—namely, that students express a message of uniformity—because it was "unlikely anyone viewing a uniform-clad student would understand the student to be communicating a particular message via his or her mandatory dress." *Id.* at 428; *see id.* at 437-38.

Thus, the Administrators could have reasonably believed that wearing a mask was not inherently expressive conduct and, therefore, that the mask mandate did not compel speech in violation of the First Amendment. As with Wilkins's substantive due process claims, courts have rejected Wilkins's compelled speech claim,[3] which further demonstrates that Wilkins's asserted First Amendment right was not clearly established.

4. Because Wilkins has failed to show that he could amend his complaint to cure these defects, we affirm the district court's dismissal of his claims without leave to amend. *See Huffman v. Lindgren*, 81 F.4th 1016, 1021-22 (9th Cir. 2023).[4]

**AFFIRMED.**

---

[3] *E.g.*, *Falcone v. Dickstein*, 92 F.4th 193, 205-10 & n.10 (3d Cir. 2024) (collecting cases), *cert. denied sub nom. Murray-Nolan v. Rubin*, 144 S. Ct. 2560 (2024).

[4] We need not address Wilkins's remaining arguments, including his arguments based on *Health Freedom Defense Fund, Inc. v. Carvalho*, 104 F.4th 715 (9th Cir. 2024), *petition for reh'g en banc filed* (9th Cir. June 21, 2024).