19-1131-cv
*P.M.B. v. Ridgefield Bd. of Educ.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2019

(Argued:  December 9, 2019    Decided:  December 16, 2019)
Docket No. 19-1131-cv

---

P.M.B. AND M.B., INDIVIDUALLY AND AS NEXT FRIENDS OF C.M.B.,

*Plaintiffs-Appellants*,

*- against -*

RIDGEFIELD BOARD OF EDUCATION,

*Defendant-Appellee.*[*]

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

Before:

SACK, CHIN, and BIANCO, *Circuit Judges*.

---

Appeal from a judgment of the United States District Court for the

District of Connecticut (Underhill, *J.*) dismissing plaintiffs-appellants' complaint

---

[*]     The Clerk of the Court is respectfully directed to amend the official caption to conform
to the above.

under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*

Plaintiffs-appellants contend that the district court erred in holding that their

complaint was time-barred.

AFFIRMED.

GERRY A. MCMAHON, The Law Offices of Gerry
McMahon, LLC, Danbury, Connecticut, *for
Plaintiffs-Appellants.*

PETER J. MURPHY (Linda L. Yoder, *on the brief*), Shipman
& Goodwin LLP, Hartford, Connecticut, *for
Defendant-Appellee.*

PER CURIAM:

Plaintiffs-appellants P.M.B. and M.B., individually and on behalf of

student C.M.B. (collectively "plaintiffs"), appeal a judgment of the district court,

entered April 5, 2019, dismissing their complaint against defendant-appellee

Ridgefield Board of Education ("Ridgefield") for lack of subject matter

jurisdiction.  Plaintiffs alleged that Ridgefield violated the Individuals with

Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* (the "IDEA"), by failing to

provide a public education that met the special education needs of C.M.B.

Plaintiffs sought judicial review of a final agency determination rendered by an

2

Impartial Hearing Officer (the "IHO") assigned by the Connecticut State Department of Education (the "CSDOE"). The IHO's final opinion and order (the "Order"), mailed on July 20, 2018, concluded that Ridgefield satisfied its obligations to plaintiffs under the IDEA and denied plaintiffs' request for reimbursement for the cost of sending C.M.B. to private school.

Plaintiffs commenced this action on October 18, 2018, ninety days after the mailing date of the Order. Ridgefield moved to dismiss the complaint as time-barred pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the 45-day filing requirement set forth in Conn. Gen. Stat. § 4-183(c) applies to appeals of final agency decisions in Connecticut under the IDEA. The district court agreed. On appeal, plaintiffs contend that the district court erred because Conn. Gen. State § 4-183(c) applies only to appeals filed in Connecticut state court and not to appeals filed in federal court. We affirm.

## DISCUSSION

### I. Standard of Review

We review *de novo* the district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure

12(b)(1).  *See Sunrise Detox V, LLC v. City of White Plains*, 769 F.3d 118, 121 (2d Cir. 2014).

## II.    *The IDEA's Limitations Provision*

The IDEA requires each state to establish an administrative procedure to review claimed violations of the IDEA.  *See* 20 U.S.C. § 1415; 34 C.F.R. § 300.511.  The IDEA also provides that any party aggrieved by a state hearing officer's final decision has the right to bring a civil action in state or federal court to obtain judicial review of the administrative decision.  *See* 20 U.S.C. § 1415(i)(2)(A).

The IDEA did not always supply a limitations period for appealing final agency determinations in federal court, and courts therefore "borrowed" the most closely analogous state limitations period.  *See generally Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 414 (2005) (explaining that where federal statute fails to supply limitations period, "we generally 'borrow' the most closely analogous state limitations period"); *see also M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 222 (2d Cir. 2003) (borrowing state limitations period in IDEA context).  In 2004, however, the IDEA was amended to include an express limitation provision, as follows:

> The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows.

20 U.S.C. § 1415(i)(2)(B).

## III.   *Connecticut's IDEA Regulatory Regime*

Connecticut law implements the IDEA in Title 10 of its statutory code. Under Conn. Gen. Stat. § 10-76h, a party seeking to raise a claim under the IDEA must file a due process request with the CSDOE, which then appoints an IHO to preside over a contested case. The hearings are conducted in accordance with the state's Uniform Administrative Procedure Act ("UAPA"), Conn. Gen. Stat. § 4-166 *et seq.*, and following the hearing, the IHO issues a written decision with findings of fact and conclusions of law. Conn. Gen. Stat. § 10-76h(d)(1).

Connecticut's UAPA also provides for judicial review of final state agency determinations, which Connecticut's IDEA implementing statute incorporates by reference. Specifically, Conn. Gen. Stat. § 10-76h(d)(4) provides that "[a]ppeals from the decision of the hearing officer or board shall be taken in the manner set forth in section 4-183." Conn. Gen. Stat. § 4-183(c), in turn, provides in relevant part:

Within forty-five days after mailing of the final decision under section 4-180 . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the superior court for the judicial district of New Britain or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of New Britain.

## IV.   *Analysis*

Plaintiffs do not dispute that, had they filed this action in state court, they would have been subject to the 45-day filing requirement set forth in Conn. Gen. Stat. § 4-183(c).  They argue, however, that because Conn. Gen. Stat. § 4-183(c) only contemplates appeals to "the superior court for the judicial district of New Britain or for the judicial district [within Connecticut] wherein the person appealing resides," *id.*, the statute does not apply to actions filed in *federal* court. As a result, plaintiffs contend, Conn. Gen. Stat. § 4-183(c) cannot constitute an "explicit time limitation" for purposes of 20 U.S.C. § 1415(i)(2)(B).

We have not had occasion to consider 20 U.S.C. § 1415(i)(2)(B) of the IDEA in an appeal of a final Connecticut agency determination since the provision was added in 2004.  Nonetheless, the statutory text plainly supports the district court's holding.  The IDEA provides that appeals of administrative

6

findings and decisions "may be brought in any State court of competent jurisdiction or in a district court of the United States." § 1415(i)(2)(A). The statute then goes on to "limit" the right to commence "such an action" to claims filed either within ninety days or, "if the State has an explicit time limitation . . . , in such time as the State law allows." § 1415(i)(2)(B). Thus, immediately after authorizing the filing of appeals in *either* state or federal court, the IDEA goes on to limit the time for filing "such an action," and makes no distinction between the two courts. We decline to read such a distinction into the statute where the text is plain. *See Raila v. United States*, 355 F.3d 118, 120 (2d Cir. 2004) ("Statutory construction begins with the plain text, and, 'where the statutory language provides a clear answer, it ends there as well.'" (quoting *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999))).

Consistent with this interpretation, district courts in Connecticut have routinely applied the 45-day time limitation to appeals to federal court of final due process proceedings after the 2004 amendment to the IDEA.[1] Plaintiffs

---

[1] *See A. ex rel. A. v. Hartford Bd. of Educ.*, No. 3:11-CV-01381 (CSH), 2013 WL 1632519, at *3 (D. Conn. Apr. 16, 2013) ("Connecticut is one of those states whose laws do contain an explicit time limitation . . . [of] 45 days after the mailing or personal delivery of the administrative hearing officer's final decision"); *Quatroche v. E. Lyme Bd. of Educ.*, 604 F. Supp. 2d 403, 409 (D. Conn. 2009) ("The applicable statute states that an appeal must be taken within 45 days of the mailing of the final decision . . . . The court must apply Connecticut's time limits, as set forth in Conn. Gen. Stat. § 4-183(c).").

point to a single case where the Connecticut district court declined to apply the 45-day limitation period. *See Flavin v. Conn. State Bd. of Educ.*, 553 F. Supp. 827, 831 (D. Conn. 1982). *Flavin*, however, was decided before the 2004 amendment, and its reasoning was questioned by at least one court, even before the 2004 amendment. *See Wills v. Ferrandino*, 830 F. Supp. 116, 121 (D. Conn. 1993) ("The rationale underlying *Flavin*'s rejection of the 45-day limitations period . . . is suspect.").

Plaintiffs also argue that even if a state limitations period could theoretically apply to an appeal filed in federal court, it could only do so where the state law expressly contemplates appeals to a federal forum. In other words, plaintiffs contend that a state time limitation cannot be "explicit" for purposes of the IDEA unless it specifically contemplates the possibility of an appeal to a federal court. We reject this interpretation because it is up to Congress and the federal courts -- not state legislatures -- to determine whether a limitations period will apply to a federal cause of action. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 161 (1983) ("[I]t is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies."). Here, Congress has expressly instructed that where a state

8

limitations period is unambiguous, federal courts shall apply it. We decline to construe that clear directive as implicitly imposing an additional requirement on the state to concur in that determination before a federal court can construe that state limitation as applicable.

Moreover, our conclusion is consistent with the underlying purposes of the IDEA. As we observed in *Adler by Adler v. Educ. Dep't of N.Y.*, 760 F.2d 454, 459 (2d Cir. 1985), the public has a strong interest in expedient resolution of these claims. The longer these proceedings are permitted to drag on, the longer we risk keeping a child in an educational program that is ultimately found to be inadequate. *Id.* And this need for efficiency outweighs any disadvantage an aggrieved parent may face from a shorter limitations period. This is particularly true, in light of the IDEA's annual review requirement, *see* 20 U.S.C. § 1414(d)(4)(A); 34 C.F.R. 300.324(b), because an aggrieved parent who misses a filing deadline will typically accrue a new, ripe cause of action as quickly as the following school year.

In sum, we hold that Conn. Genn. Stat. § 4-183(c) supplies an "explicit time limitation" of forty-five days for appeals of final agency decisions under § 1415(i)(2)(B) of the IDEA. Here, because plaintiffs waited ninety days to

commence this action, the district court properly concluded that it lacked subject matter jurisdiction over the case and dismissed the complaint.

## *CONCLUSION*

For the reasons set forth above, the district court's judgment is

**AFFIRMED**.