23-288-cv
*Simmons v. Murphy, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand twenty-four.

PRESENT:     JON O. NEWMAN,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*.
             GARY S. KATZMANN,
                  *Judge*.[*]

_____

TERRI SIMMONS, Parent and Guardian,

    *Plaintiff-Appellant*,

      v.                                             No. 23-288-cv

NICOLE MURPHY; PENNY BECKMAN;
MOUNT VERNON CITY SCHOOL
DISTRICT; FELECIA GAON, Director of
School Services; PUTNAM/NORTHERN
WESTCHESTER BOARD OF
EDUCATIONAL SERVICES; MICHELE

---

[*] Judge Gary S. Katzmann of the United States Court of International Trade, sitting by designation.

FRET; SHELLEY EINBINDER
FLEISCHMANN, Special Education Director,
Putnam County; MOUNT VERNON CITY
SCHOOL DISTRICT SUPERINTENDENT; in
their official and individual capacities,

*Defendants-Appellees*,

CITY OF MOUNT VERNON; SCHOOL
BOARD OF MOUNT VERNON; COUNTY
OF PUTNAM; NEW YORK STATE
DEPARTMENT OF EDUCATION; NEW
YORK STATE BOARD OF REGENTS,

*Defendants.***

_____

FOR PLAINTIFF-APPELLANT:     ELISABETH STANKEVITZ, Rule 46.1(e) Law
Student, RICHARD LUEDEMAN, University of
Connecticut School of Law, Hartford, CT.


FOR DEFENDANTS-APPELLEES:     GERALD S. SMITH, Silverman & Associates,
White Plains, NY.


Appeal from a final judgment of the United States District Court for the Southern

District of New York (Briccetti, J.).

**UPON DUE CONSIDERATION,** it is hereby **ORDERED** that the February 9,

2023, judgment of the District Court is **VACATED** in part and **REVERSED** in part, and

the matter is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Terri Simmons appeals from the District Court's order

dismissing her second amended complaint ("SAC") for lack of subject matter jurisdiction

_____

** The Clerk of Court is directed to amend the case caption as set forth above.

2

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts and procedural history of the case, to which we refer only as necessary to explain our decision.

## BACKGROUND

The jurisdictional facts are not in dispute; accordingly, the facts set forth below are drawn from the SAC and the documents attached to or incorporated by reference therein. See Harty v. W. Point Realty, Inc., 28 F.4th 435, 441 (2d Cir. 2022). The SAC asserts claims against defendants-appellees Mount Vernon City School District (the "District")[1] and Putnam/Northern Westchester Board of Cooperative Educational Services (the "Board"), as well as against certain District and Board officials (the "Individual Defendants").

On November 9, 2016, the principal of Fox Meadow School, Nicole Murphy, informed Simmons that her son P.E. was being suspended for five days for possessing marijuana at school. Murphy referred the matter for a superintendent's hearing. On or about November 10, 2016, Simmons "made a[n] oral and written request for a manifestation hearing." SDNY ECF No. 57 at 9.[2] Simmons alleges that "on November

---

[1] The SAC named the "Mount Vernon City School District Superintendent," but not the District, as a defendant. See SDNY ECF No. 57 at 1-3. Nonetheless, the District was properly joined in this action. After Simmons's initial complaint, the District Court added the Mount Vernon City School District as a defendant pursuant to Federal Rule of Civil Procedure 21, see SDNY ECF No. 5, and defendants have not disputed that the District is a party to this litigation.

[2] Pursuant to Second Circuit Local Rule 30.1(e), no appendix was filed in this appeal. Documents filed on the District Court docket, Simmons v. City of Mount Vernon et al., No. 7:19CV10388(VB) (S.D.N.Y. Nov. 8, 2019), are cited by reference to the ECF document number in the Southern District of New York, and the ECF-generated pagination. We use the abbreviated form "SDNY ECF" for all such citations herein.

3

22, 2016, a manifestation hearing was held without notice," such that Simmons was not permitted to "participate" nor to "submit" certain records. Id. On December 5, 2016, Simmons asked the District's Director of Student Services for "a further extension to obtain [legal] representation" for "any hearing required" concerning P.E.'s suspension. SDNY ECF No. 58 at 2.

On January 3, 2017, Simmons filed a "Due Process Complaint Notice," stating that P.E. had been suspended for over forty days, and that he had not been allowed to return to school "pending a superintendent's hearing." SDNY ECF No. 57 at 15-16. Simmons asserted that Murphy's "actions . . . referring the matter to a superintendent's hearing without a manifestation hearing . . . was bias[ed] and prejudice[d] [P.E.] from further education." Id. Simmons also objected to the disciplinary charges and argued that P.E.'s "psychologist records" and records of "a previous manifestation hearing" would demonstrate "that his condition alter[s]" and "contribute[s] to" his "behavior." Id.

On January 17, 2017, the parties met with an Impartial Hearing Officer ("IHO"). On February 3, 2017, the IHO entered an Interim Order providing that the District would hold a superintendent's hearing on February 10, 2017, unless the parties reached an agreement before that date. The Interim Order further provided that if P.E. were "found guilty" at that hearing, the District would hold a manifestation hearing "to determine whether [his] behaviors . . . constituted a manifestation of his disability." Id. at 14. Simmons alleges that defendants "did not hold a superintendent hearing . . . where Plaintiff was a participant." Id. at 7.

4

On March 10, 2017, Simmons and the District entered into a Settlement Agreement to resolve both the disciplinary charges against P.E. and Simmons's due process complaint. See SDNY ECF No. 65-4 (the "Settlement Agreement"). The parties agreed, inter alia, that P.E. would be reevaluated, and that the District would convene a new meeting of the Committee on Special Education, "recommend an Individualized Education Plan" ("IEP") for P.E., and "conduct a program search for an out-of-district placement for" P.E. Id. at 1. The District agreed to provide P.E. with counseling and educational services while that process was underway, and Simmons agreed to "waive[] any right to assert any claim" against the District relating "to the allegations in the hearing request or the actions contained in" the Settlement Agreement. Id. at 2. Simmons alleges that defendants did not comply with the Settlement Agreement, and that they continued to violate her rights, including by not allowing her to participate in subsequent proceedings, denying her requests to review or submit certain records relating to the IEP, and enrolling P.E. in Thornton High School, which she describes as a "public school that did not have the services to provide disable[d] students." SDNY ECF No. 57 at 5; see also id. at 6-7.

Simmons filed this action on November 8, 2019, proceeding pro se. The District Court granted defendants' motion to dismiss the original complaint under Rule 12(b)(1), without prejudice, because Simmons, who is not a lawyer, had brought claims only on behalf of P.E. See Simmons v. Putnam/N. Westchester Bd. of Coop. Educ. Servs., No. 7:19CV10388(VB), 2020 WL 5505366, at *2-3 (S.D.N.Y. Sept. 9, 2020) ("Simmons I"). The District Court also denied her request for appointment of counsel. See id. at *3-4.

Simmons filed her first amended complaint on March 2, 2021, asserting claims on her own behalf under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.; Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. §794 et seq.; and 42 U.S.C. §1983. The District Court again granted defendants' motion to dismiss under Rule 12(b)(1), this time on the basis that Simmons had failed to exhaust her administrative remedies. See generally Simmons v. Putnam/N. Westchester Bd. of Coop. Educ. Servs., No. 7:19CV10388(VB), 2022 WL 294753 (S.D.N.Y. Feb. 1, 2022) ("Simmons II"). Specifically, the District Court held that because the gravamen of the complaint was the denial of a free and appropriate education ("FAPE"), Simmons's failure to exhaust the IDEA's administrative remedies deprived the court of jurisdiction. See id. at *4-5. The District Court granted Simmons leave to amend, but only to address the exhaustion issue by alleging either that she had exhausted her IDEA remedies or that exhaustion would have been futile. See id. at *6.

On April 15, 2022, Simmons filed the SAC, restating her IDEA, ADA, Section 504, and §1983 claims, and adding claims under state law. See SDNY ECF No. 57 at 8-10. On May 20, 2022, defendants moved to dismiss under both Rule 12(b)(1) and Rule 12(b)(6). Simmons again sought appointment of counsel, which the District Court again denied. See SDNY ECF No. 73 at 1-2. On February 8, 2023, the District Court granted defendants' third motion to dismiss, pursuant to Rule 12(b)(1), finding that it lacked jurisdiction because Simmons had not plausibly alleged "that exhaustion would have been futile or should otherwise be excused." Simmons v. Hamilton, No.

6

7:19CV10388(VB), 2023 WL 1821037, at \*4-5 (S.D.N.Y. Feb. 8, 2023) ("Simmons III").

The District Court expressly "decline[d] to address whether" the claims in the SAC "are

plausibly alleged under Rule 12(b)(6)." Id. at \*5 n.8. The District Court also declined to

exercise supplemental jurisdiction over the state law claims, denied Simmons leave to

further amend the complaint, and closed the case. See id. at \*5-6.

## DISCUSSION

We review de novo the District Court's grant of a motion to dismiss for lack of

subject matter jurisdiction under Rule 12(b)(1). See P.M.B. v. Ridgefield Bd. of Educ.,

944 F.3d 473, 475 (2d Cir. 2019) (per curiam). Because Simmons proceeded pro se

below, we construe the SAC "liberally . . . to raise the strongest claims that it suggests."

Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013).

Represented by appointed counsel on appeal, Simmons appeals the dismissal of

the following claims: (1) ADA and Section 504 claims for damages against the District

and the Board for disability discrimination; (2) §1983 claims for damages against the

Individual Defendants "for their involvement in violating [her] federal IDEA rights"; and

(3) a claim against the District for "relief under the IDEA," including "compensatory

education or reimbursement," for breach of the Settlement Agreement. Reply Br. at 5.

Simmons argues that the District Court erred in finding that she was required to exhaust

her IDEA remedies before bringing these claims.

7

**I.      Simmons was not required to exhaust her administrative remedies under the IDEA before bringing her ADA, Section 504, and §1983 claims for damages.**

The IDEA requires plaintiffs to exhaust their administrative remedies before filing an action in federal court. See Ventura de Paulino v. N.Y.C. Dep't of Educ., 959 F.3d 519, 530 (2d Cir. 2020) (citing 20 U.S.C. §1415(i)(2)(A)). Section 1415(*l*) of the IDEA extends the exhaustion requirement to claims brought under other federal statutes, including the ADA and Section 504, when a plaintiff "seek[s] relief that is also available under" the IDEA. 20 U.S.C. §1415(*l*); see also Fry v. Napoleon Cmty. Schs., 580 U.S. 154, 161 (2017); J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 112 (2d Cir. 2004) (Section 504 and §1983 claims that "seek to ensure a" FAPE must be exhausted under §1415(*l*).). A plaintiff's "[f]ailure to exhaust" her IDEA remedies "deprives the court of subject matter jurisdiction." Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 245 (2d Cir. 2008).

When the District Court dismissed the SAC, our precedent held that §1415(*l*) requires exhaustion of claims premised on the denial of a FAPE even where such claims seek a remedy – such as compensatory damages – that the IDEA does not provide. See, e.g., Cave, 514 F.3d at 246-47; Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 487-88 (2d Cir. 2002). Applying this precedent, the District Court determined that all of Simmons's federal claims were subject to the exhaustion

8

requirement, and that she had not met her burden of showing that exhaustion would be futile[3] or should otherwise be excused. See Simmons III, 2023 WL 1821037, at \*4-5.

However, during the pendency of this appeal, the Supreme Court decided Luna Perez v. Sturgis Public Schools, 598 U.S. 142 (2023), which adopted a narrower view of the IDEA exhaustion requirement. Luna Perez holds that §1415(l) applies only to claims that seek a remedy available under the IDEA. See id. at 146-48. Therefore, claims seeking "a form of relief . . . [the] IDEA does not provide," including compensatory and punitive damages, need not be exhausted, even if such claims seek to redress the denial of a FAPE. Id. at 148.

We have recognized that Luna Perez abrogated our contrary holdings in Cave and Polera and have therefore concluded that those decisions are "no longer good law." Doe v. Franklin Square Union Free Sch. Dist., 100 F.4th 86, 102 (2d Cir. 2024) (citation and quotation marks omitted). In Doe, we reversed a district court's pre-Luna Perez dismissal, on exhaustion grounds, of ADA and Section 504 claims, and remanded for further proceedings. See id. Other circuits have likewise remanded matters to the trial courts for application of Luna Perez. See, e.g., Farley v. Fairfax Cnty. Sch. Bd., No. 21-1183, 2023 WL 3092979, at \*1-2 (4th Cir. Apr. 26, 2023) (per curiam) (unpublished) (vacating pre-Luna Perez dismissal of ADA and Section 504 claims for failure to exhaust IDEA remedies and remanding); Powell v. Sch. Bd. of Volusia Cnty., 86 F.4th 881, 885 (11th

---

[3] The requirement of exhaustion under the IDEA "does not apply in situations in which exhaustion would be futile." Coleman v. Newburgh Enlarged City Sch. Dist., 503 F.3d 198, 205 (2d Cir. 2007) (citation and quotation marks omitted).

9

Cir. 2023) (per curiam) (same); <u>Bono ex rel. F.B. v. Francis Howell Sch. Dist.</u>, No. 23-1073, 2023 WL 7899323, at *1 (8th Cir. Nov. 16, 2023) (per curiam) (unpublished) (same, as to ADA, Section 504, and §1983 claims); <u>Chavez ex rel. J.C. v. Brownsville Indep. Sch. Dist.</u>, No. 22-40085, 2023 WL 3918987, at *2 (5th Cir. June 9, 2023) (per curiam) (same, as to claims for compensatory damages under the ADA and §1983); <u>Shefke ex rel. Doe v. Macomb Intermediate Sch. Dist.</u>, No. 22-1283, 2023 WL 3698219, at *2 (6th Cir. May 23, 2023) (same, as to §1983 constitutional claims).

<u>Luna Perez</u> abrogated the District Court's basis for dismissing Simmons's ADA, Section 504, and §1983 claims. Defendants-appellees concede this, but nonetheless ask that we affirm on the alternative grounds that the SAC fails to state a cognizable claim, pursuant to Rule 12(b)(6). <u>See</u> Appellees' Br. at 9-10.

We decline to evaluate the sufficiency of the SAC's factual allegations in the first instance on appeal, particularly because Simmons has not had an opportunity to amend her complaint to correct any potential deficiencies in the pleading.[4] Simmons raised the claims currently at issue in her first amended complaint; the District Court dismissed them <u>solely</u> for failure to exhaust, without evaluating whether they otherwise stated a viable claim. The District Court permitted further amendment after that dismissal "only, to the extent plaintiff adequately alleges she exhausted her administrative remedies under

---

[4] Contrary to defendants' assertion, the District Court's order dismissing Simmons's <u>original</u> complaint did not evaluate the plausibility of her current claims. <u>See</u> Appellees' Br. at 9. The District Court simply found that "handwritten notations" on Simmons's original complaint, including the words "504 Section," "IDEA," and "FAPE," were insufficient to allege claims pursuant to the IDEA or Section 504. <u>Simmons I</u>, 2020 WL 5505366, at *1 n.2.

the IDEA or that exhaustion would have been futile or otherwise excused." Simmons II, 2022 WL 294753, at *6 (emphasis in original). Furthermore, the District Court's futility rationale for denying Simmons's last request to amend is no longer valid, in light of Luna Perez. See Simmons III, 2023 WL 1821037, at *5-6.

In these circumstances, and mindful that Simmons prepared her filings in the District Court without the aid of counsel, we decline to address this alternative basis for affirmance in the first instance. See, e.g., Schonfeld v. Hilliard, 218 F.3d 164, 184 (2d Cir. 2000); see also Bono ex rel. F.B., 2023 WL 7899323, at *1 (noting defendant's concession that Luna Perez abrogated the district court's reasoning, and declining to consider defendants' argument for affirmance based on Rule 12(b)(6) "in the first instance"). We therefore vacate the dismissal of Simmons's ADA, Section 504, and §1983 claims for damages, and remand for further proceedings.

II.    **Simmons was not required to exhaust her claim for IDEA relief against the District for breach of the Settlement Agreement.**

Luna Perez does not, however, affect the applicability of the exhaustion requirement to all of Simmons's claims. In general, a claim for IDEA relief must be exhausted, unless the plaintiff shows that exhaustion would be futile or should otherwise be excused. See Coleman, 503 F.3d at 205. The District Court concluded that it lacked subject matter jurisdiction because Simmons was required to exhaust her claim for IDEA relief against the District. See Simmons III, 2023 WL 1821037, at *4-5. But because Simmons's claim for IDEA relief, liberally construed, arises from the District's alleged

11

breach of the Settlement Agreement, we reverse and hold that exhaustion is not required for her claim to proceed.[5]

"Congress has expressly provided for enforcement of IDEA settlement agreements in federal district courts when the agreement at issue was entered into . . . at a 'resolution session' required by [20 U.S.C.] §1415(f)(1)(B)." H.C. ex rel. L.C. v. Colton-Pierrepont Cent. Sch. Dist., 341 F. App'x 687, 690 (2d Cir. 2009) (summary order); see also 20 U.S.C. §1415(f)(1)(B)(iii) (A "[w]ritten settlement agreement" resulting from a "[r]esolution session" is enforceable in federal court.); 34 C.F.R. §300.510(d)(2) (same). Indeed, the Settlement Agreement states that it resulted from a "Resolution Session, convened pursuant to" 20 U.S.C. §1415(f)(1)(B),[6] and is "enforceable . . . in a district court of the United States." SDNY ECF No. 65-4 at 1-2; see also F.H. ex rel. Hall v. Memphis City Sch., 764 F.3d 638, 645 (6th Cir. 2014) (Exhaustion is not required for a claim for breach of a settlement agreement stating expressly that it "was reached at a Resolution Session and is enforceable . . . pursuant to 20 U.S.C. §1415(f)(1)(B)(iii)." (quotation marks omitted)). The IDEA expressly provides for the enforcement of such agreements in federal court; administrative exhaustion therefore is not required. See 20 U.S.C. §1415(f)(1)(B)(iii).

---

[5] Defendants-appellees do not appear to dispute that remand is appropriate on this claim. See Appellees' Br. at 11, 19-20.

[6] The Settlement Agreement's reference to "U.S.C. §1415(F)(B)" appears to be a typographical error; we presume the parties intended to refer to 20 U.S.C. §1415(f)(1)(B).

The SAC alleges that the District did not properly implement certain terms of the Settlement Agreement, including by placing her son at an in-district high school without consulting her, see SDNY ECF No. 57 at 5, and it specifically asserts that the Settlement Agreement "was not f[ul]filled by the Defendants," SDNY ECF No. 57 at 7. Construing the SAC "liberally with special solicitude," as required, we find that it at least "suggests" a claim for breach of the Settlement Agreement. Hogan, 738 F.3d at 515 (citation and quotation marks omitted). Because the exhaustion requirement does not apply to such a claim, the District Court erred in dismissing it under Rule 12(b)(1).

\* \* \*

For the foregoing reasons, the judgment of the District Court is **VACATED** in part and **REVERSED** in part. Because we vacate the District Court's dismissal of certain of Simmons's federal claims, we also **VACATE** the dismissal of her state-law claims; the District Court shall reconsider whether to exercise supplemental jurisdiction. We further **ORDER** the District Court to appoint counsel for Simmons on remand, and to permit Simmons a further opportunity to amend her complaint. This matter is **REMANDED** for further proceedings in accordance with this Order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court